UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------------X
MARIO LEMOS, individually and on behalf of all others similarly situated,

                        Plaintiff,

            -against-

EL PUNTO PERUANO, LLC and VITALINO VASQUEZ,

                        Defendants.
-------------------------------------------------------------------------X

CIVIL ACTION NO.

COMPLAINT

Plaintiff Mario Lemos ("Lemos" or "Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, El Punto Peruano, LLC ("Punto Peruano") and Vitalino Vasquez ("Vasquez") (collectively, "Defendants") respectfully alleges as follows:

### I. Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq*. ("NJWHL"), and the New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, *et seq*. ("NJWPA").

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under the New Jersey Wage and Hour Law and the New Jersey Wage Payment Act pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the state of New Jersey.

6. At all relevant times, Plaintiff was employed by Defendants as defined by FLSA 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a.1(h), and N.J.S.A. 34:11-4.1(b).

7. Defendant Punto Peruano is a New Jersey limited liability company located at 36 Watchung Avenue, Plainfield, NJ 07060.

8. Punto Peruano is a restaurant that serves Peruvian cuisine to its patrons.

9. Defendant Vasquez is an individual residing, upon information and belief, in the state of New Jersey.

10. Upon information and belief, at all relevant times, Vasquez was, and still is, an owner of Punto Peruano.

11. Upon information and belief, at all relevant times, Vasquez was, and still is, an officer, director, shareholder and/or person in control of Punto Peruano, who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

12. Upon information and belief, at all relevant times, Defendants were responsible for setting Plaintiff's schedules and day-to-day activities and for supervising his performance.

13. Upon information and belief, at all relevant times, Defendants had the power to discipline and terminate Plaintiff.

14. Upon information and belief, at all relevant times, Defendants were responsible for compensating Plaintiff.

15. At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA, the NJWHL, and the NJWPA.

16. Upon information and belief, at all relevant times, Defendants' gross revenues were and are in excess of $500,000.00 per year.

17. Upon information and belief, Defendants operate in interstate commerce.

18. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

19. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of the Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

20. The FLSA Collective Plaintiffs consist of no less than sixteen (16) similarly situated current and former employees of Defendants, including cooks, dishwashers and other food preparers, busboys, and waiters, who work or worked in excess of forty (40) hours per workweek and are victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

21. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter*

*alia*, failing to pay employees the applicable overtime rates for all time worked in excess of forty (40) hours per week.

22. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

23. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

24. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and are locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

25. Plaintiff worked for Defendants as a cook from in or around March 2016 until in or around March 2018.

26. As a cook, Plaintiff's principal job responsibilities included preparing food, maintaining inventory of food items, working alongside other cooks employed by Defendants, and teaching other cooks how to prepare the dishes correctly.

27. Plaintiff did not create the menu or any menu items for Defendants; rather, he merely assisted the chef in preparing food items and performed other manual tasks to assist in the kitchen and the restaurant.

28. Plaintiff did not have the authority to hire, fire, or discipline employees, nor did he make suggestions or recommendations as to the hiring, firing, or other terms and conditions of the employment of other employees.

29. Plaintiff did not supervise any employees, nor was he employed in an executive, professional, administrative, or outside sales capacities.

30. As a result, Plaintiff was a non-exempt employee under the FLSA and the NJWHL.

31. From in or around March 2016 until in or around December 2016, Plaintiff regularly worked between six (6) and seven (7) days per week, as follows: 11:00 a.m. to 2:00 a.m. on Mondays, Tuesdays, and Thursdays through Sundays; and an additional three (3) to five (5) hours on all but one (1) Wednesday per month, for a total of approximately ninety (90) to ninety-five (95) hours per workweek.

32. From in or around January 2017 until in or around March 2018, Plaintiff regularly worked between six (6) and seven (7) days per week, as follows: 9:00 a.m. to 9:00 p.m. on Mondays, Tuesdays, and Thursdays through Sundays; and an additional three (3) to five (5) hours on all but one Wednesday per month, for a total of approximately seventy-two (72) to seventy-seven (77) hours per workweek.

33. Plaintiff was not afforded meal or rest breaks during his shifts.

34. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants, yet Defendants failed to compensate him at a rate of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours per workweek.

35. Throughout Plaintiff's employment with Defendants, Plaintiff was paid $10.00 per hour for all hours worked, but was not paid overtime premiums for the hours he worked in excess of forty (40) per workweek.

36. Defendants did not track or otherwise record the hours that Plaintiff worked.

37. Defendants knew or should have known that their failure to pay Plaintiff overtime compensation was a violation of the FLSA and/or acted in reckless disregard of the federal and state wage and hour laws.

38. Defendants' refusal to pay Plaintiff all wages owed to him is an intentional and willful violation of the federal and state wage and hour laws.

39. Plaintiff sustained substantial damages from the acts and omissions described herein.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
*(Overtime Violations under the FLSA)*

40. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

41. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half times their regular hourly rates of pay for all hours worked in excess of forty (40) hours per week.

42. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

43. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half times their regular hourly rates of pay for each hour worked in excess of forty (40) hours in a workweek.

44. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

45. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

46. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION**
*(Overtime Violations under the New Jersey Wage and Hour Law)*

47. Plaintiff repeats and realleges all prior allegations set forth above.

48. Pursuant to the applicable provisions of N.J.S.A. 34:11-56(a)(4), Plaintiff was entitled to an overtime hourly wage of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours per week.

49. Throughout the relevant time period, Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

50. However, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times his regular hourly rate of pay for each hour worked in excess of forty (40) in a workweek.

51. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due to Plaintiff, along with reasonable attorneys' fees, interest, and costs.

52. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

53. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION
*(Failure to Timely Pay Wages in Violation of New Jersey Wage Payment Act)*

54. Plaintiff repeats and realleges all prior allegations.

55. At all relevant times, Defendants failed to pay Plaintiff the full amount of wages due, including overtime wages, at least twice during each calendar month, on regular pay days designated in advance, in violation of N.J.S.A. 34:11-4.2.

56. Defendants also failed to pay Plaintiff all wages due, including overtime wages, not later than the regular payday for the pay period during which his termination took place, in violation of N.J.S.A. 34:11-4.3.

57. As a result of Defendants' violations of the law and failure to pay Plaintiff all wages due, including overtime wages, in a timely manner, Plaintiff has been damaged and is entitled to recover from Defendants all unpaid wages, along with interest and costs.

58. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of Plaintiff's unpaid wages, pre- and post-judgment interest, costs, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiff prays for relief as follows:

a) on the First Cause of Action on behalf of himself and the FLSA Collective Plaintiffs for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

a) on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorney's fees in an amount to be determined by this Court;

b) on the Third Cause of Action for all wages due to Plaintiff;

c) interest;

d) costs and disbursements; and

e) such other and further relief as is just and proper.


Dated: New York, New York
December 5, 2018

        /s/ Adam Sackowitz
        Adam Sackowitz
        Katz Melinger PLLC
        280 Madison Avenue, Suite 600
        New York, New York 10016
        (212) 460-0047
        ajsackowitz@katzmelinger.com
        *Attorneys for Plaintiff*